IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD D. JACKSON, III, ) | CASE NO. 1:11 CV 2419 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| CUYAHOGA COUNTY GRAND JURY, ) | |
| ) | |
| Defendant. ) | |

*Pro se* plaintiff Clifford D. Jackson, III filed the above-captioned action under 42 U.S.C. §1983 against the Cuyahoga County Grand Jury. In the Complaint, Plaintiff alleges he was denied due process because he was indicted without a preliminary hearing. He seeks monetary damages and dismissal of the indictment against him.

**Factual and Procedural Background**

Plaintiff is currently under indictment in the Cuyahoga County Court of Common Pleas, Case No. CR-11-551409-A, on two counts of aggravated murder, seven counts of attempted aggravated murder, two counts of aggravated burglary, eight counts of kidnaping, and two counts of having a weapon under disability. *See State of Ohio v. Jackson,* No. CR-11-551409-A (Cuyahoga Cty Ct. Comm. Pl. indictment filed June 21, 2011).[1] He alleges in his Complaint he was arrested on June 24, 2011 and was not given a Preliminary Hearing. He contends he was not called as a witness before the Grand Jury and was not permitted to be present at Grand Jury proceedings to question

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

witnesses. He also asserts that the Grand Jury did not act independent of the Prosecutor. He contends the Grand Jury denied him due process.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### Discussion

This Court cannot entertain Plaintiff's challenge to his pending state court criminal action. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. Plaintiff admits that the criminal action against him is still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that

Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2012

---

[3]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.